UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
READING DIVISION

| In Re: | Chapter 13 |
|---|---|
| GENESIS SHAIRY OCASIO | Case Number: 23-12428-PMM |
| Debtor(s) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY WITH RESPECT TO PROPERTY: 512 CEDAR STREET, READING, PENNSYLVANIA 19601**

Babylon Capital LLC, by and through its Counsel, Stern & Eisenberg PC, respectfully requests the Court grant its Motion for Relief pursuant to 11 U.S.C. 362(d)(4) and 11 U.S.C. § 1301(c) as to the Co-Debtor Stay, and in support thereof respectfully represents as follows:

1. Movant is Babylon Capital LLC (hereafter referred to as the "Movant"), which holds a mortgage lien on real property located at 512 Cedar Street, Reading, Pennsylvania 19601.

2. Debtor, Genesis Shairy Ocasio (hereinafter referred to as the "Debtor"), is an adult individual, who upon information and belief, maintains a primary residence at real property located at 512 Cedar Street, Reading, Pennsylvania 19601.

3. Co-Debtor, Angel Mateo (hereinafter referred to as the "Co-Debtor"), is an adult individual and is the Borrower/Mortgage with regard to a certain Note and Mortgage more herein defined. Upon information and belief, Co-Debtor maintains a mailing address of P.O. Box 2311, Reading, Pennsylvania 19612-2311 and has not lived at 512 Cedar Street, Reading, Pennsylvania 19601 since June 2022.

4. On April 19, 2007, Co-Debtor, executed and delivered to BNC Mortgage, Inc. that certain Note in the original principal amount of $33,150.00 to secure and with regard to the real property located at 512 Cedar Street, Reading, Pennsylvania 19601 (hereinafter referred to as the "Property"). A true and correct copy of the fully endorsed Note is attached and affixed hereto as "Exhibit A."

5. To secure the obligations due under the Note, Co-Debtor executed and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for BNC Mortgage, Inc., dated April 19, 2007, which granted a mortgage lien on the Property. A true and correct copy of the Mortgage is attached and affixed hereto as "Exhibit B."

6. The Mortgage was duly perfected as a lien on the Property by recording a copy of said Mortgage with the Berks County Recorder of Deeds on or about April 25, 2007, in Book No. 05120, Page No. 1987, as Instrument Number 2007024462. See, Exhibit B.

7. By assignment of mortgage, the lien was ultimately assigned to the Movant . A true and correct copy of the Assignment of Mortgage is attached and affixed hereto as "Exhibit C."

8. Upon information and belief, Debtor acquired title to the Property via Tax Sale conducted on October 29, 2021 with regard to Court of Common Pleas of Berks County Docket No. 22-01295, with a Upset Tax Sale Deed being issued to Debtor on or about June 1, 2022. A true and correct copy of the Deed is attached and affixed hereto as "Exhibit D."

9. On or about February 23, 2022, a Complaint in Mortgage Foreclosure was filed against Co-Debtor, as

Borrower, and Co-Debtor, as Registered Owner, with the Prothonotary for Berks County. The action was stylized as *Babylon Capital LLC vs. Angel Mateo, et al*, Docket Number 22-1773 (hereinafter referred to as the "Foreclosure Action").

10. On or about February 15, 2023, a Judgment of Default was entered in the Foreclosure Action in favor of Movant and against Debtor and Co-Debtor in the amount of $56,941.70. A true and correct copy of the Judgment is attached and affixed hereto as "Exhibit E."

11. Initially, a Sheriff Sale on the Property was scheduled for May 5, 2023; however, the matter was continued until July 7, 2023 on Notice by the Movant. A true and correct copy of the Notice is attached and affixed hereto as "Exhibit F."

12. A duly scheduled Sheriff Sale is presently scheduled with regard to Movant's interest in the Property for September 8, 2023 following the continuation of the July 7th Sale on Notice by the Movant. A true and correct copy of the Notice is attached and affixed hereto as "Exhibit G."

13. Debtor caused the instant Chapter 13 Bankruptcy to be filed on August 14, 2023 (hereinafter referred to as the "Petition Date") and, as a result, any state court proceedings were stayed.

14. As of the date of this Motion, Debtor has failed to comply with the basic document requirements in accordance with 11 U.S.C. § 521 and Fed. R. Bankr. P. 1007. Presently, Debtor has until August 28, 2023 to file all missing documents or the case may be dismissed without further notice or a hearing. See, Docket Entry No. 6.

15. It is believed and therefore averred that Debtor filed the instant bankruptcy as an additional delay in order to prevent Movant from proceeding with the state court proceedings or otherwise institute proceedings as allowed under the Mortgage.

16. The mortgage loan is in default and is currently due for the July 1, 2017 regular monthly payment and each subsequent payment through the date of the motion for a total of seventy four (74) months.

17. Movant avers that, as of the Petition Date, the total amount due on the loan is $67,870.36 and pre-petition arrears, as of the Petition Date, in the amount of $40,050.95.

18. Movant avers that Debtor merely retains a possessory interest in the Property as a result of the Deed issued to her by the Berks County Tax Bureau.

19. Debtor is neither a Borrower or Mortgagor on the Property, Debtor has not tendered any regular monthly payments despite the valid lien on the Property, nor has Debtor sought to refinance, assume or otherwise act to ensure that Movant's properly perfected lien is satisfied.

20. Debtor was a named Defendant in the Foreclosure Action and Judgment has been duly entered in favor of the Movant and against Debtor and Co-Debtor after neither Debtor nor Co-Debtor defended against the Foreclosure Action.

21. Movant avers that Debtor has unfairly retained possession of the Property to the prejudice of the Movant who has been required to expend sums of monies in order to obtain possession of its collateral in accordance with the Note and Mortgage.

22. Moreover, Movant is further prejudiced insofar as the tax loss due to the Upset Sale will take effect in September 2024 if the Property is not exposed to Sale.

23. Movant avers that the sole purpose of the instant bankruptcy filing is to impede their ability to enforce

their rights and remedies under the Note and Mortgage via a duly scheduled Sheriff Sale on the Property.

24. Movant further avers that Debtor has no intention of completing and/or prosecuting this Chapter 13 Petition to its conclusion as evidenced by the "bare-bones" filing on the Petition Date as well as the fact that, per the Creditor's Matrix filed by Debtor, Movant is the sole creditor in this case.

25. Moreover, pursuant to the Certificate of Creditor Counseling, Debtor obtained pre-petition credit counseling on July 5, 2023, indicating that Debtor intended to file her voluntary petition prior to the original July 7th Sale date.  See, Docket Entry No. 3.

26. Despite nearly two (2) months between the July 7th and September 8th Sale dates and the fact that Debtor was already contemplating the filing of a voluntary petition under the Bankruptcy Code, Debtor could not comply with even the basis financial statements and other document requirements required under the Bankruptcy Code.

27. Movant, therefore, avers that there is sufficient evidence of bad faith in the filing of this matter to demonstrate cause for relief from the Automatic Stay and Co-Debtor Stay so that Movant may effectuate its rights and remedies under the Note and Mortgage by exposing and completing a sale of the Property on September 8, 2023.

28. To the extent the Court does not find that relief is appropriate, then Movant requests that the stay be conditioned such that in the event the Debtors fall behind on post-petition payments or trustee payments that Movant may receive relief upon default by the Debtor(s) of the terms of the conditional order.

29. Movant requests that the stay of Bankruptcy Rule 4001(a)(3) be waived so that Movant may expose and complete a sale of the Property on September 8, 2023.

WHEREFORE, Movant, Babylon Capital LLC, respectfully requests this Court to grant the appropriate relief under 11 U.S.C. § 362 and § 1301 from the automatic stay as set forth in the proposed order together with waiver of Bankruptcy Rule 4001(a)(3).

Respectfully Submitted:

Stern & Eisenberg, PC

*By: /s/ Steven P. Kelly*
Steven P. Kelly, Esquire
Bar Number: 308573
Email: skelly@sterneisenberg.com

Date: August 18, 2023